Stephen P. Hull, Blanche R. Hull, and E. J. Hull, Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 15676. Promulgated November 19, 1929.

*Ralph S. Hull, Esq.*, for the petitioners.
*Bruce A. Low, Esq.*, for the respondent.

OPINION.

Sternhagen: The Commissioner determined deficiencies of income tax for 1921 of $11.35 against Stephen P. Hull, $26.71 against Blanche R. Hull, and $11.99 against E. J. Hull, and sent notices of such deficiencies in accordance with the statute to each of the said taxpayers.

The original petition assigned as error the Commissioner's computation of depletion allowable against coal royalties received. As basis for the proceeding it alleged the following as facts: Prior to 1860 William H. Hull had leased for a specified royalty to Barker, Pughe & Jones certain coal lands in Blakely, Pa. The lease was operated by the Delaware & Hudson Co., which paid to the descendants of William H. Hull the royalties in the proportions to which they were entitled, and, among others, to the estate of G. M. Hull one-sixth and to the estate of Mary L. Hull one-sixth. E. J. Hull received $478.81 in 1921, or one-fifth of the portion paid the estate of G. M. Hull; and Stephen P. Hull and Blanche R. Hull received one-half each of the entire portion paid to the estate of Mary L. Hull, amounting to $1,995.05. In 1921, 339,856.19 tons of coal were mined under the lease, for which $42,552.76 was paid in royalties. In 1907 the property contained 12,212,500 tons, of which 622,385 were mined between 1907 and March 1, 1913, leaving 11,555,115 tons in the mines at the latter date, of the value of $958,404, or 8.2942 cents per ton. Depletion on this basis has been allowed the Hull heirs in prior years by the Treasury Department.

The respondent denied all the foregoing allegations in his original answer, but in an amended answer admittted certain facts, and asserted increased deficiencies of $61.57 and $76.92 against Stephen P.

Hull and Blanche R. Hull, respectively, on the ground that they were beneficiaries under a trust, and as such entitled to no depletion. Thereafter, at the hearing, petitioners filed an amended petition drawn up in narrative form, which informally repeated the error previously assigned and made objection to the increased deficiencies asserted on the ground that the statute of limitations barred such action by the Commissioner. This objection is not well taken. Under section 274(e), Revenue Act of 1926, the claim for increased deficiencies is clearly cognizable by the Board.

But in attacking the deficiencies set out in the notice, respondent assumes the burden of proving affirmatively the allegations upon which he relies, and in the absence of such proof the claim for increased deficiencies falls, and we are left only to consider the petitioners' attack upon the original determination. *Fred Wolferman*, 10 B. T. A. 285; *J. E. Robertson*, 13 B. T. A. 550..

Respondent's counsel expressly stated that the admissions made in the amended answer did not cover the same allegations of fact in the amended petition and these are, therefore, not established by the pleadings. The competent evidence consisted of the admitted first paragraph of the amended petition, alleging that the Commissioner, by notices dated March 11, 1926, asserted for 1921 a deficiency of $11.35 against Stephen P. Hull, of $26.71 against Blanche R. Hull, and of $11.99 against E. J. Hull, on the ground that the allowance for depletion of coal royalties at 8.2942 cents per ton adopted by the petitioners was erroneous, the correct rate being 37.62 per cent; a portion of the will of Mary L. Hull, directing that her residuary estate be held in trust for Stephen P. and Blanche R. Hull during the former's life; and the oral testimony of petitioner's counsel to the effect that Mary L. Hull died February 19, 1921, and that in the administration of her residuary estate as a trust it was agreed by the remaindermen that the royalties received by the beneficiaries be not reduced on account of depletion of the corpus. The witness further stated the quantity of coal mined under the lease between 1924 and 1928 and the rates of royalties paid in 1913, and suggested the death of petitioner Stephen P. Hull on December 17, 1928. His readings from the unreported opinion of a Pennsylvania State court concerning the quantity of coal in the mines was, upon objection, rejected as evidence.

The inadequacy of the evidence renders impossible a determination either of the rate of depletion, if any, which should be allowed, or of the propriety of allowing any depletion. In his brief, counsel seeks, *inter alia*, to have the Board, in view of *Rosenberger* v. *McCaughn*, 25 Fed. (2d) 699; certiorari denied 276 U. S. 604, reconsider its holding in *Arthur H. Fleming*, 6 B. T. A. 900, disallowing depletion of the corpus of a trust estate against income of a beneficiary.

But as the Board is without sufficient facts which would warrant it to disturb in any way the original determinations, such reconsideration is unnecessary to a decision of the present proceeding.

Having thus disposed of the proceeding adversely to the petitioners upon substantive grounds, we refrain from considering irregularities of pleading and procedure which have appeared during our consideration of the proceeding subsequent to trial, but to which no reference was made at the trial. Such, for example, are the joinder of the several parties in one petition although each received a separate notice of deficiency; the payment of a single filing fee; and the failure of verification by the petitioners and the attempted verification by counsel. Were it not that for other reasons the petition must fail, as already decided, it would become necessary to consider whether the petition is sufficient under the statute and the rules of practice.

*Judgment will be entered for the respondent.*